UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY THORNHILL,

Plaintiff,

v. Case No: 8:25-cv-01023-JLB-SPF

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_________________________________/

**ORDER**

Plaintiff Tracy Thornhill appeals the Commissioner of the Social Security Administration's final decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") for lack of disability. (Doc. 1 at ¶ 1). The Magistrate Judge issued a Report and Recommendation (the "Report"), recommending that the Court affirm the Commissioner's decision. (Doc. 25). Plaintiff filed an objection (Doc. 26) to the Report, and the Commissioner responded (Doc. 27).

Upon careful review of the entire record, including all parties' briefing and the Report, the Court **ADOPTS** the Report (Doc. 25), **OVERRULES** the objection (Doc. 26), and affirms the Commissioner's decision.

## LEGAL STANDARD

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

In this Social Security appeal, the Court must determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for the administrative law judge ("ALJ"). *Id.* Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

## DISCUSSION

The Magistrate Judge thoroughly discussed the facts of this case in his Report. (*See* Doc. 25).

An individual claiming Social Security DIB must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). To evaluate whether an individual is disabled, the Social Security Administration's regulations require ALJs to use a "five-step sequential evaluation process." 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a).

The fourth and fifth steps of the Social Security Administration's evaluation process require the ALJ to consider the individual's residual functional capacity ("RFC"). RFC is "the most [the individual] can still do despite [her] limitations." 20 C.F.R. § 404.1545. The RFC evaluation requires the ALJ to consider evidence from medical sources. As to each medical source, the ALJ must consider the factors of (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c). While the ALJ must consider these five factors, the ALJ is required to discuss only supportability and consistency. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). "Supportability" means the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support her opinions, the more persuasive the medical opinions will be. *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). And "consistency" means that the more consistent a medical opinion is with the evidence from other medical sources, the more persuasive the medical opinion will be. *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

There is no requirement that an ALJ refer to every piece of evidence in his decision, so long as his decision is not a broad rejection of the claimant's impairments, and the decision enables a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). Furthermore, the ALJ's decision should be read "as a whole" because "it would be a needless formality to have the ALJ repeat substantially similar factual analyses." *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1275 (11th Cir. 2024) (quotation omitted). "[T]here are no magic words the ALJ must use in giving weight to medical opinions or in discounting them." *Palmer v. Comm'r of Soc. Sec.*, No. 25-10887, 2026 WL 311627, at *2 (11th Cir. Feb. 5, 2026) (cleaned up). And "[t]he ALJ can reject any medical opinion if the evidence supports a contrary finding but may not substitute his own opinion on medical issues for the opinions of medical experts." *Id.* (citing *Sharfarz v. Bowen*, 825 F.2d 278, 280–81 (11th Cir. 1987). Ultimately, "clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

Here, the Magistrate Judge's Report and Recommendation concluded that the ALJ properly analyzed Dr. Tropnas's medical opinion by considering both the supportability and consistency factors. (Doc. 25 at 11–16). The Magistrate Judge carefully described the governing law and explained that "[t]he ALJ's consideration of Dr. Tropnas's opinion track[ed] the regulation's requirements" because the ALJ

both analyzed Dr. Tropnas's opinions in light of the opinions of other medical professionals and explained ways in which the ALJ believed Dr. Tropnas's notes did not support her opinion. (*Id.* at 12).

Plaintiff objects to the Magistrate Judge's Report because she claims that the ALJ failed to explain his reasoning properly, and she charges the Magistrate Judge with engaging in impermissible post-hoc rationalization. (Doc. 26). Indeed, a district court cannot affirm an ALJ's conclusion based on a post-hoc rationalization. *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984). However, as discussed by the Magistrate Judge (*see* Doc. 25), the record demonstrates that the ALJ had substantial evidence to support his finding and properly discussed both the supportability and consistency factors. (*See* Doc. 9-8 at 27, 29–30). Regarding supportability, the ALJ described Dr. Tropnas's opinion and how he believed Dr. Tropnas's other treatment notes undermined it. (Doc. 9-8 at 29). In doing so, he offered citations to the relevant notes and described the notes that contradicted Dr. Tropnas's opinion. (*Id.* (citing Doc. 9-13 at 258, 367, 384, 391). Regarding consistency, the ALJ's analysis of Dr. Tropnas's opinion was preceded and succeeded by his discussions of other medical opinions. (Doc. 9-8 at 28–30). Accordingly, he properly explained his reasoning for finding Dr. Tropnas's opinion unpersuasive.

The cases that Plaintiff cites in support of her objection are also distinguishable from this case. (Doc. 26). For example, *Lepson v. Commissioner of Social Security*, No. 3:25-cv-561-SJH, 2026 WL 194204, at *3, *5 n.10 (M.D. Fla.

Jan. 26, 2026), involved an ALJ that "failed [to] consider the [plaintiff's] mental impairment" and the ALJ's discussion was cabined by "repeated statements confining review to Plaintiff's singular severe impairment." Here, however, the ALJ discussed the evidence concerning Plaintiff's mental impairment in detail and did so in the immediate context of other medical opinions. (Doc. 9-8 at 27, 29–30). The ALJ in this case was not required to recapitulate the adjacent sections of his discussion because "it would be a needless formality to have the ALJ repeat substantially similar factual analyses." *Raper*, 89 F.4th at 1275.

The other cases cited by Plaintiff are also inapplicable because each involved speculation about what the ALJ "might have" concluded, where here the ALJ's reasoning was clear when taken in context. *See Jasper v. Saul*, No. 8:19-cv-711-T-CPT, 2020 WL 5270671, at *3 (M.D. Fla. Sep. 4, 2020) (rejecting a hypothetical reason why an ALJ might not have credited a doctor's opinion); *Lowery v. Acting Comm'r, Soc. Sec. Admin.*, No. 22-13913, 2024 WL 890133, at *4 (11th Cir. Mar. 1, 2024) (holding that a district court erred by inserting reasoning that the ALJ never included); *Owens*, 748 F.2d at 1515–16 (holding a record insufficient where "the ALJ[ ] fail[ed] to make any finding at all on the credibility of the testimony . . . .").

Finally, Plaintiff briefly argues that the ALJ failed to consider "the subjective aspects inherent to the impairments." (Doc. 26 at 4). However, it is not for the Court to decide facts anew, reweigh evidence, or substitute its judgment for that of the administrative law judge. *See Winschel*, 631 F.3d at 1178 (quotation omitted).

Because the ALJ's decision was based on substantial evidence and applied proper legal standards, the Commissioner's decision should be affirmed. *See id.*

**CONCLUSION**

Accordingly, it is **ORDERED** that:

1. The Magistrate Judge's Report and Recommendation (Doc. 25) is **ADOPTED** and made a part of this Order for all purposes.
2. Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (Doc. 26) is **OVERRULED**.
3. The decision of the Commissioner is **AFFIRMED**.
4. The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner and against Plaintiff, terminate any pending motions and deadlines, and close the file.

**IT IS SO ORDERED** in Tampa, Florida, on August 28, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE